[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Ms. Wedal Gibbs, ("Ms. Gibbs") is the owner of a single family dwelling who commenced this action against Robert Smith, ("Smith") a home improvement contractor who was engaged as a roofer for the repair of damage to Ms. Gibbs roof in 1989 caused by a tornado that ripped through a certain neighborhood of New Haven. After several contacts with Ms. Gibbs by Smith who was working in the area they agreed to have Smith do the repairs. Smith prepared the written agreement (Exhibit I). Smith had been working in the neighborhood and had several jobs to make repairs for other damaged properties.
The Plaintiff instituted a five count amended complaint. Count One asserts that Smith breached his contract in that he failed to properly repair her property. Count Two asserts substantially the same allegations and will be treated as one count. Count Three asserts that Smith violated Connecticut Unfair Trade Practice Act pursuant to § 42-110(d) seeking attorney fees and Court Four asserts violation of Connecticut Unfair Trade Practice Act ("CUTPA") section 42-110g(a) asserting wilful, wanton and reckless conduct which is the basis for a claim in CUTPA. Count Five, violation of Home Solicitation/Home Improvement Act Connecticut General Statutes § 20-42a.
Smith prepared the contract (Exhibit I) signed by Ms. Gibbs without a start date or finishing date. Exhibit I did not have a notice of cancellation attached to the agreement which was CT Page 13510 unexplained at trial, although another contract dated August 22, 1989 (Exhibit J) has such notice attached. The defendant claims that there was no delay in completing the roof once he started the work and that the plaintiff failed to show any damage resulting from the delay. He further claims that he used a form recommended by the Department of Consumer protection which did not provide for start and completion dates, although later forms did. Compliance with § 20-429 is mandatory and failure to provide start and termination dates is specific. Failure do so state in the contract is a violation of Connecticut General Statutes § 20-429.
Testimony offered on Count One and Count Two demonstrated that Ms. Gibbs and her daughter told Smith to completely remove the roof down to the rafters which Smith wrote in the contract. Smith failed to remove old sheet rock and replace it with plywood of the required thickness.
Two experts were offered as to the cause of the mildew damage within the house. Both the plaintiff's expert and defendant's expert agree that the mildew was caused by improper ventilation, which should have been provided for when the new roof was placed on it. Smith asserts that the plaintiff insisted to do only the work stated in the contract and nothing more. The court rejects this argument because nothing is contained in the written agreement excluding any damages resulting from improper ventilation. The defendant failed to remove the wet sheet rock and failed to provide plywood as required by code before placing the shingles on top of the dwelling which caused the mildew damage.
The plaintiff has established that the defendant was negligent in his work (Count Two) in failing to adequately ventilate the dwelling after the application of the Shingles which caused all the interior damage to the walls. The expert presented by the plaintiff testified that the defendant failed in his application of the shingles to have a "vented ridge edge" to allow for some ventilation. The plaintiff's expert [Russo] the more credible expert testified that the Chimney to the house was not properly flashed. Russo testified he was required replaced the whole roof. Smith had placed 3 inch plywood onto wet sheetrock never allowing the moisture to escape. The plaintiff Ms. Gibbs had called Smith several times after her ceiling collapsed to no avail. After complaint to Hamden Building Inspector who reached Smith in 1993, Smith stated he would return to see what he could do but never returned. In 1993 the ceiling came down in the bedroom. In 1992 Ms. Gibbs tried washing off mildew but it kept coming back. CT Page 13511
Smith asserted that the trees around the house was causing the problem of moisture and that he is held only to the specific terms of the contract. Simone Jupiter daughter of Gibbs testified at all times she was present for the discussions of the contract. She further testified that Smith at no time discussed options or the need for ventilation. Jupiter testified that they had never experienced mildew before the replacement of the roof by Smith.
The court rejects the argument of Smith that the use of Consumer's form excuses his compliance with setting forth a time to start and complete the work. Smith if he questioned his responsibility concerning ventilation should have excepted the liability for failure to include ventilation. Even though Ms. Gibbs was agreeable about starting dates they must still be set forth.
The court does not accept the testimony of Smith that he discussed with Ms. Gibbs the issue of "drip edges" and that she only wanted to pt [put] the roof back on "exactly like it was". In fact Gibbs had given Smith another contract (Exhibit J) for work to the garage and to reside the last gable on the house for the sum of $2115.
The court finds as to Count One and Count two that the plaintiff has met her burden of proof to establish that the defendant breached his contract in failing to properly perform the roofing to the dwelling. The plaintiff from all the evidence produced was required to repair and put on a new roof; that the reasonable value of the services performed by Russo Roofing Inc. is in the amount of $6042.00 (Exhibit W). The costs of repairs to the interior of the dwelling is found to be reasonable in the amount of $4724.50 (Exhibits S T). Accordingly, judgment is entered in favor of Plaintiff as to Counts one and Two for the sum of $10,766.50.
The court further finds that the defendant violated Connecticut General Statutes § 20-429 and CUTPA § 42-110g et seq. as earlier discussed and enters judgment in favor of the plaintiff as to Counts Three, Four Five in the amount of $6345. (See affidavit Re Attorneys Fees attached to Plaintiff's Post Trial Brief).
Accordingly judgment is entered on the Amended Complaint for the total sum of $17,111.50. CT Page 13512
Frank S. Meadow State Trial Referee